2. We decline the juvenile's invitation to decide the appeal notwithstanding its mootness. A challenge to this type of identification procedure may be capable of repetition, as the juvenile claims, but it will not necessarily evade appellate review. Although we recognize that the issue is significant and has constitutional implications, the most prudent course is to defer deciding the issue until we are presented with a case where there is a live controversy. See Lockhart v. Attorney Gen., 390 Mass. 780, 783-784, 459 N.E.2d 813 (1984) ("Where a moot issue ... is not apt to evade review ... we have declined to decide the issue"; also noting general "practice ... of not unnecessarily deciding constitutional questions").
3. For these reasons, a rescript shall issue from this court stating that the Commonwealth's appeal from the November 3, 2015, order of the Juvenile Court judge allowing the juvenile's motion to suppress his identification is moot. We express no view as to whether the identification procedure employed in this case was constitutionally permissible and, if so, how such a procedure is to be evaluated. That remains an open issue to be resolved in a case where the identification is a live issue. Nothing in our disposition should be read as an indorsement of the Appeals Court's decision on that point.
So ordered.